Shelvia WILLIAMS, Individually and on behalf of herself and all others similarly situated, Plaintiff-Appellant,

v.

The CITY OF FAIRBURN, GEORGIA; Albert J. Green, Individually and in his official capacity as the Mayor of the City of Fairburn, et al., Defendants-Appellees.

No. 80–7393

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

March 23, 1981.

Rehearing Denied May 11, 1981.

Laura Matlaw, Atlanta, Ga., for plaintiff-appellant.

Glaze, McNally & Glaze, Kirby A. Glaze, Robert Mark Mahler, Jonesboro, Ga., for defendants-appellees.

Before TJOFLAT, VANCE and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

The sole question on this appeal is whether appellant is a "prevailing party" within the meaning of 42 U.S.C. § 1988. Appellant brought suit in district court seeking declaratory and injunctive relief for defendants' refusal to allow the continued existence of a Section 8 Existing Housing Assistance Payments Program (42 U.S.C. § 1437(f)) within Fairburn, Georgia.[1] Appellant also sought damages and attorney's fees. The complaint asserted that defendants' actions had the purpose and effect of establishing and perpetuating racial discrimination in hous-

---

1. Appellant's original complaint also named as defendants the Housing Authority of Fulton County and officials of the Department of Housing and Urban Development.

ing in Fairburn in violation of the Constitution and various statutes.[2]

Immediately following filing of the suit, appellee City of Fairburn initiated settlement negotiations. Nearly eight months later, the City formally agreed with the County Housing Authority (also a party to the original suit) to permit the operation of a Section 8 program within the City. The claim for injunctive relief was at this point rendered moot. Although the district court ruled that the claim for damages and attorney's fees remained viable, appellant ultimately determined not to pursue her damage claims.

The record indicates that appellant obtained substantially the relief she sought and that this law suit was a significant factor in obtaining that relief. Nevertheless, the district court refused to grant appellant attorney's fees because it found that her suit would not have succeeded "absent some showing of discriminatory intent." The nature of discriminatory intent, if any, which must be proved by plaintiffs in suits brought under the Fair Housing Act has posed difficulties for courts which have considered the question. *See, e. g., Metropolitan Housing Development Corp. v. Village of Arlington Heights*, 558 F.2d 1283 (7th Cir. 1977), *cert. denied*, 434 U.S. 1025, 98 S.Ct. 752, 54 L.Ed.2d 772 (1978). We need not concern ourselves with this question, however. In finding that appellant was not a prevailing party because she did not proceed to trial and attempt to prove the allegations in her complaint, the district court clearly misconceived the requirements of section 1988.

This court has repeatedly held, and the legislative history of section 1988 makes clear, that plaintiffs need not prevail in a trial on the merits to be "prevailing parties" within the meaning of the statute. *See Robinson v. Kimbrough*, 620 F.2d 468, 478 (5th Cir. 1980) ("[P]laintiffs in a civil rights action may recover attorneys' fees under the Act if their lawsuit was a significant catalytic factor in achieving the primary relief sought through litigation despite failure to obtain formal judicial relief."); *Iranian Students Association v. Edwards*, 604 F.2d 352, 353 (5th Cir. 1979) (relief obtained through consent judgment subsequent to suit); *Criterion Club of Albany v. Board of Commissioners*, 594 F.2d 118, 120 (5th Cir. 1979) (corrective legislation in compliance with parties' agreement enacted after lawsuit initiated); *Brown v. Culpepper*, 559 F.2d 274, 277 (5th Cir. 1977) (citing the legislative history of the Act given in S.Rep.No.94–1011, 94th Cong., 2d Sess. 5 (1976) *reprinted in* [1976] U.S.Code Cong. & Ad.News 5908, 5912). Recently in *Dayan v. Board of Regents*, 620 F.2d 107, 108 (5th Cir. 1980) this court upheld an award of summary judgment to defendants and simultaneously upheld an award of attorney's fees to plaintiffs reasoning that the plaintiffs had "obtained substantial voluntary relief *as a direct result of their lawsuit*." [Emphasis in original].

No special circumstances exist in this case which would render an award against defendants unjust. Accordingly we reverse and remand for a determination of the proper amount of reasonable attorney's fees for work at the trial level and on appeal to this court.

REVERSED and REMANDED.

---

2. The complaint alleged violation of appellant's rights under the first, thirteenth and fourteenth amendments, the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*; 42 U.S.C. §§ 1981, 1982, 1983, 1985 and 2000d.