Bert WILLIAMS, et al.,
Plaintiffs-Appellants,

v.

John R. LEATHERBURY, et al.,
Defendants-Appellees.

No. 81–1440
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 8, 1982.

L. Clifford Davis, Fort Worth, Tex., for plaintiffs-appellants.

Morgan, Gambill & Owen, David B. Owen, Fort Worth, Tex., for defendants-appellees.

Before RUBIN, SAM D. JOHNSON and GARWOOD, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

This suit, challenging the constitutionality of the "at large" system of electing school trustees in the plaintiffs' school district, was never brought to trial. After it had been pending almost four years, the Court issued an order staying proceedings in the case because the state legislature had enacted a bill that mandated the single-member district elections sought by the suit. V.T.C.A., Education Code § 23.023. However, before the statute could take effect, approval by the United States Department of Justice was required. Section 5, Voting Rights Act of 1965, 42 U.S.C. § 1973c. After negotiations concerning the transition period provided for in the statute, V.T.C.A., Education Code § 23.023(h),[1] the Attorney General approved the statutory scheme.[2] No judicial relief was ever obtained. The district court held that the litigation did not cause the Texas legislature to change the election statute and was not a major factor in obtaining the approval of the Attorney General. He concluded, therefore, that the plaintiffs did not "prevail" and thus were not entitled to attorney's fees and costs under the provisions of the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. Accepting those factual findings, we affirm.

■ That the plaintiffs received neither formal judicial relief nor an admission by the defendants that the challenged "at large" election system was unconstitutional does not alone defeat their claim. Victory by judgment or an opponent's concession is not essential to identification of the "prevailing party" entitled to recovery of an attorney's fee under the Act. See Maher v. Gagne, 448 U.S. 122, 130, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653, 661 (1980); Robinson v. Kimbrough, 620 F.2d 468, 475–77 (5th Cir. 1980), vacated on other grounds, 652 F.2d 458 (5th Cir. 1981).

■ Success by judgment may be self-evident, but a party may still "prevail" if its ends are accomplished as a result of the litigation even without formal judicial recognition. This conclusion is mandated by the legislative history of § 1988. The House report states: "A 'prevailing party' should not be penalized for seeking an out-of-court settlement, thus helping to lessen docket congestion." H.R.Rep.No. 94–1558, 94th Cong., 2d Sess. 7 (1976). Similarly, the Senate report notes, "[F]or purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief." S.Rep.No. 94–1011, 94th Cong., 2d Sess. 5 (1976), reprinted in [1976] U.S.Code Cong. & Ad. News 5908, 5912. See also Copeland v. Marshall, 641 F.2d 880, 904 (D.C.Cir.1980) (en banc) (fee can be awarded when a party

---

1. Under § 23.023(h), the single-member district system would not be fully implemented until 1980, and it was the Attorney General's opinion that such a delay was unacceptable.

2. The solution required several trustees to resign before the end of their term. Therefore, at an election held in 1978 the single-member election scheme was fully implemented.

prevails "by stipulation, concession, or consent decree").

We applied this principle in *Williams v. City of Fairburn,* 640 F.2d 635 (5th Cir. 1981). There the plaintiff's suit seeking relief for the defendants' refusal to allow a housing assistance payment program to continue led to a settlement permitting such a program, rendering her suit for an injunction moot. We held the plaintiff entitled to fees, even though she chose not to pursue her claim for damages. 640 F.2d at 636. *See also Bonnes v. Long,* 651 F.2d 214, 217–218 (4th Cir. 1981) (consent decree); *Ramos v. Koebig,* 638 F.2d 838, 845–46 (5th Cir. 1981) (admission of unconstitutionality); *Iranian Students Association v. Edwards,* 604 F.2d 352, 353 (5th Cir. 1979) (consent decree).

Indeed, a defendant may unilaterally undertake action that moots the suit. In such a case, a plaintiff may still recover attorney's fees if he can show both a causal connection between the filing of the suit and the defendant's action and that the defendant's conduct was required by law, *i.e.,* not a wholly gratuitous response to an action that in itself was frivolous or groundless. *Nadeau v. Helgemoe,* 581 F.2d 275, 281 (1st Cir. 1978). *See also Harrington v. DeVito,* 656 F.2d 264, 266–67 (7th Cir. 1981); *United Handicapped Federation v. Andre,* 622 F.2d 342, 346 (8th Cir. 1980).

Causal connection turns on "the provocative role of the plaintiff's lawsuit." *Nadeau v. Helgemoe, supra,* 581 F.2d at 280. The suit must be "a substantial factor or a significant catalyst in motivating the defendants to end their unconstitutional behavior." *Robinson v. Kimbrough,* 652 F.2d 458, 466 (5th Cir. 1981). *See also Iranian Students Association v. Sawyer,* 639 F.2d 1160, 1163 (5th Cir. 1981); *Gurule v. Wilson,* 635 F.2d 782, 791 (10th Cir. 1980); *United Handicapped Federation v. Andre, supra,* 622 F.2d at 346; *Dawson v. Pastrick,* 600

F.2d 70, 79 (7th Cir. 1979). The suit must be, "if not the sole reason for his success, at least a major factor in bringing it about. A civil rights plaintiff may not collect attorney's fees for demanding that a state officer do what he would have done in any case." *Coen v. Harrison County School Board,* 638 F.2d 24, 26 (5th Cir. 1981).

The district judge found that the plaintiffs failed to show a causal connection between their suit and the Texas legislative enactment. Assuming arguendo that, even if the suit was not causally related to enactment of the statute, the plaintiffs might still be considered to have prevailed if their efforts had achieved the final approval essential to implementation of the plan, he concluded that the solution to the Attorney General's objections was worked out by the school board, together with various citizens and citizen groups. The judge noted that, although plaintiffs' attorney did participate in these discussions, he was neither ordered nor requested by the Court to do so, and he was merely one of many seeking to accomplish that end. The suit itself, the judge concluded, had little if any effect on the final implementation of the statute.

Another view of the evidence might well have been taken by the fact-finder. The evidence presented by the plaintiffs might warrant the conclusion that their suit and the efforts incident to it were a major factor in effecting the change, but it neither compels that deduction nor makes the contrary conclusion erroneous. We have neither prescience enough nor warrant to justify reassessing the evidence. Fed.R. Civ.P. 52(a).[3]

For these reasons, the judgment is AFFIRMED.

---

**3.** Because of the result we reach, it is unnecessary for us to decide whether or not this school district's at-large election system was legal and whether or not the plaintiffs would have been entitled to attorney's fees if the district court had found that their suit as to this one district was a substantial factor in bringing about the 1977 legislation that applied generally to all districts in the state over a particular size.