708 F.2d 1038
 11 Ed. Law Rep. 825
 John LAURENZO, A Minor, By Frederick E. LAURENZO, His
Natural Father and Next Friend, Plaintiffs-Appellants,
v.
MISSISSIPPI HIGH SCHOOL ACTIVITIES ASSOCIATION, INC. and
Oxford Municipal Separate School District,
Defendants-Appellees.
 No. 82-4259.
 United States Court of Appeals,
Fifth Circuit.
 July 8, 1983.
 
 David G. Hill, Richard C. Davis, Oxford, Miss., for plaintiffs-appellants.
 Will Hickman, S.T. Rayburn, Oxford, Miss., for O.M.S.S.D.
 John H. Price, David Alfred Bowers, Jackson, Miss., for Miss. High School Activities Ass'n, Inc.
 Appeal from the United States District Court for the Northern District of Mississippi.
 Before POLITZ and JOLLY, Circuit Judges, and HUNTER(fn*), District Judge.
 PER CURIAM:
 
 
 1
 This appeal represents the second occasion that this case has been before this court. This time, plaintiff Laurenzo appeals from the district court's denial of his request for attorney's fees under the Civil Rights Act, 42 U.S.C. Sec. 1988. Finding that Laurenzo is not a prevailing party in this case, we affirm.
 
 I.
 
 2
 The facts of this case are fully presented in the prior panel's opinion. See Laurenzo v. Mississippi High School Activities Association, 662 F.2d 1117 (5th Cir.1981) (Laurenzo I ). We thus present only those facts pertinent to our disposition of the issue before us.
 
 
 3
 Plaintiff John Laurenzo's parents were divorced in March 1979 when he was a high school sophomore. His mother, a resident of Memphis, Tennessee, was awarded legal custody. In August 1979, however, John's parents decided that John should make his home with his father in Oxford, Mississippi, even though legal custody remained with the mother. In September 1979 John enrolled at defendant Oxford High School. The following winter, in February 1980, he attempted to join the Oxford High Varsity baseball team, but was told that he was ineligible because of a Mississippi High School Activities Association (MHSAA) rule which provides:
 
 
 4
 Where the parents of a pupil are legally separated or divorced and legal custody is granted to one of the parents, the pupil must live with this parent in order to be eligible. If a pupil under the above conditions transfers from one parent to the other and the parents live in different school areas, the pupil must remain out of competition for one year before becoming eligible.
 
 
 5
 On March 10, 1980, Laurenzo filed a declaratory judgment action in federal court under 42 U.S.C. Sec. 1983 seeking to have the MHSAA rule deemed unconstitutional and requesting a temporary restraining order against enforcement of the rule. He additionally sought damages and attorney's fees. Four days later, before summons was served on MHSAA, there was a hearing on the plaintiff's temporary restraining order motion. The district court found that the complaint failed to raise a substantial federal question since it found that no fundamental right had been violated by the defendants' enforcement of the MHSAA rule. The court thus denied the motion and dismissed the complaint for lack of jurisdiction. On March 24, the plaintiff filed his notice of appeal and four days later filed a motion with this court for an injunction pending appeal. No notice was given to the defendant MHSAA that the plaintiff had filed the motion. On March 31, 1980, an emergency panel of this court, by a vote of two to one, granted the plaintiff's motion for an injunction pending appeal.
 
 
 6
 In April 1980, the plaintiff filed a motion for interim attorney's fees with this court. In his brief attached to the motion, Laurenzo claimed that he had sought and obtained from this court the injunctive relief prayed for in the complaint and in the motion for the temporary restraining order filed in the district court. "In terms of tangible relief, plaintiff has obtained all that he can obtain--that is, he has won a[n] injunction from this court permitting his participation in interscholastic athletics at Oxford High School during this school term." His claim before the earlier panel was thus that he became a prevailing party by obtaining the injunction pending appeal from this court. The clerk notified the parties that this motion would be considered upon completion of the briefing schedule. At that time, on October 10, 1980, this court denied the plaintiff's motion for interim fees.
 
 
 7
 On December 3, 1981, another panel of this court determined that the appeal was moot because Laurenzo had graduated from high school, but held that the district court had federal jurisdiction to hear the case and that the rule which Laurenzo had attacked posed a substantial federal question. See Laurenzo I, 662 F.2d at 1119.[1] On December 17, 1981, MHSAA filed with this court a bill of costs[2] to which the plaintiff objected. The panel ordered each party to bear its own costs on appeal. Laurenzo v. Mississippi High School Activities Association, No. 80-3227 (5th Cir.1982). The next day the plaintiff filed his motion for attorney's fees with the district court which the trial judge denied on June 7, 1982. Laurenzo has filed a timely appeal from this denial of attorney's fees.
 
 II.
 
 8
 The issue on appeal is whether the emergency panel's grant of an injunction pending appeal made Laurenzo a prevailing party under 42 U.S.C. Sec. 1988.[3] Laurenzo makes virtually the same argument to us that he made to the earlier panel in his motion for interim attorney's fees, that he is a prevailing party because "when the Fifth Circuit Court of Appeals granted an injunction pending appeal to the Plaintiff, he received the relief which had prompted his journey into the legal system."
 
 
 9
 The defendants point to the ex parte nature of the emergency panel's grant, this court's earlier denial of interim attorney's fees based on the same argument, and the earlier panel's order requiring each party to bear its own costs on appeals.[4]A.
 
 
 10
 Section 1988 allows a court, in its discretion, to award reasonable attorney's fees to a prevailing party as part of the costs. 42 U.S.C. Sec. 1988.[5] It is settled that in some circumstances a person may be a prevailing party without having obtained a favorable final judgment following a full trial on the merits. Hanrahan v. Hampton, 446 U.S. 754, 756-57, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980). A party may "prevail" under 42 U.S.C. Sec. 1988 as a result of a settlement, Mahre v. Gagne, 448 U.S. 122, 131, 100 S.Ct. 2570, 2575, 65 L.Ed.2d 653 (1980), an admission by the defendants of the unconstitutionality of their actions, Ramos v. Koebig, 638 F.2d 838, 845-46 (5th Cir.1981), or a consent decree, Iranian Students Association v. Edwards, 604 F.2d 352, 353 (5th Cir.1979).
 
 
 11
 Absent a final judgment in his favor, however, to otherwise "prevail" under Sec. 1988, a party must have established his entitlement to some relief on the merits of his claims, either in the trial court or on appeal "[f]or only in that event has there been a determination of the 'substantial rights of the parties,' which Congress determined was a necessary foundation for departing from the usual rule in this country that each party is to bear the expense of his own attorney." Hanrahan, 446 U.S. at 757-58, 100 S.Ct. at 1989.
 
 
 12
 Since the only written determination that the plaintiff has had on his claims is that which states that the district court had jurisdiction to hear the case,[6] we must determine whether the action of the emergency panel constituted a favorable ruling on the merits of the plaintiff's claims.
 
 B.
 
 13
 Laurenzo relies on Doe v. Marshall, 622 F.2d 118 (5th Cir.1980), as dispositive of this case. In Doe, the plaintiff, also a high school student seeking to participate in varsity sports, sought a preliminary injunction against enforcement of a school transfer rule which precluded his participation. The district court, after finding that all four factors necessary for preliminary relief were present[7] granted a temporary injunction which allowed the plaintiff to play football. During the pendency of the defendant's appeal, however, Doe graduated from high school and the case was rendered moot. Doe, 622 F.2d at 119. The Fifth Circuit panel held that "a determination of mootness [by the appellate court] does not prevent an award of attorneys' fees on remand," determined that the district court's grant of a preliminary injunction made the plaintiff a prevailing party, and remanded for a determination of an appropriate attorney's fee. Doe, 622 F.2d at 120.
 
 
 14
 Although the emergency panel here gave no indication of its reasons for granting the injunction pending appeal,[8] Laurenzo argues that under Fed.R.App.P. 8[9] the panel was required to make the same determinations as would a district court before granting a preliminary injunction. For this proposition, Laurenzo cites Florida Businessmen for Free Enterprise v. City of Hollywood, 648 F.2d 956 (5th Cir.1981).[10]
 
 
 15
 A later case in this circuit, however, noted, even though it had been "a widely held view," as in Florida Businessmen, that a stay pending appeal could never be granted unless the movant had shown that success on appeal was probable, that nevertheless "the movant need not always show a 'probability of success' on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." Ruiz v. Estelle, 650 F.2d 555, 565 (5th Cir.1981) (Ruiz I ). The court further noted that
 
 
 16
 the stay procedure of ... Fed.R.App.P. 8(a) affords interim relief where relative harm and the uncertainty of final disposition justify it. Of course, if the balance of equities (i.e., consideration of the other three factors) is not heavily tilted in the movant's favor, the movant must then make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending appeal.
 
 
 17
 Ruiz I, 650 F.2d at 565-66.
 
 
 18
 We thus note that in order to grant a stay or injunction pending appeal, a panel of this court is not necessarily required to make the same determinations that a district judge must make in order to grant a preliminary injunction. Since a movant need not, in every instance, show that he will probably succeed on the merits as per our discussion of Ruiz I supra,[11] we find that Doe v. Marshall is distinguishable and does not control the outcome of this case as Laurenzo contends.
 
 
 19
 The circumstances of the case sub judice dictate a different result from that reached in Doe v. Marshall. This was an ex parte motion granted without notice and without an opportunity for the defendants to respond, by an emergency panel of this court without written opinion. Another panel of this court rejected the same argument presented here and denied interim attorney's fees. There was no finding that the injunction was granted on the basis of likelihood of prevailing. Laurenzo fit into the unusual situation discussed in Ruiz I and Ruiz II wherein, as the later panel in Laurenzo I found, he had presented a substantial case at least on the issue of jurisdiction, see supra note 6, and the balance of equities weighed heavily in his favor.[12] Depriving Laurenzo of playing baseball would have irreparably harmed him while allowing him to play baseball would not substantially harm MHSAA and would serve the public interest. Under these circumstances, a finding that Laurenzo would likely succeed on the merits was not required for the issuance of an injunction pending appeal by this court and therefore cannot be inferred by the emergency panel's action.
 
 
 20
 We therefore find that Laurenzo, by obtaining from the emergency panel the injunction pending appeal under the circumstances presented here, has not had the favorable determination of the merits of any of his claims necessary to make him a "prevailing party" as required by 42 U.S.C. Sec. 1988, and is not entitled to attorney's fees.
 
 
 21
 AFFIRMED.
 
 
 
 *
 District Judge of the Western District of Louisiana, sitting by designation
 
 
 [1]
 Having found that the plaintiff's arguments presented a substantial federal question, the court continued, "That they subsequently may be found without merit does not belie jurisdiction." Laurenzo I, 662 F.2d at 1119
 
 
 [2]
 The December 3, 1981, judgment of the court which was issued as a mandate January 21, 1982, ordered the plaintiffs-appellants to pay to the defendants-appellees the costs on appeal. This order was entered by the clerk under Fed.R.App.P. 39, which provides in pertinent part that if an appeal is dismissed, costs of the appeal shall be taxed against the appellant unless otherwise ordered by the court
 
 
 [3]
 Laurenzo also requests us to determine the amount of an attorney's fee to which he is entitled and to make a fee award rather than remand the case to the district court for determination of an appropriate fee
 
 
 [4]
 Defendants cite Buian v. Baughard, 687 F.2d 859 (6th Cir.1982), which held that attorney's fees may not be awarded unless costs are awarded to that party at the level for which fees for services are sought. Buian, 687 F.2d at 862. The manner in which we dispose of the instant case makes it unnecessary for us to comment on the appropriateness, vel non, of this standard
 
 
 [5]
 42 U.S.C. Sec. 1988 applies, inter alia, to any action or proceeding to enforce a provision of 42 U.S.C. Secs. 1981, 1982, 1983, 1985, and 1986
 
 
 [6]
 The district court had dismissed the case for want of jurisdiction. The earlier oral argument panel noted that the fact that the plaintiff's arguments might later be found to be without merit did not deprive the court of jurisdiction. See supra note 1
 Laurenzo's attorney specifically stated before this court on oral argument that the sole basis for his "prevailing party" claim is the emergency panel's grant of an injunction pending appeal. We thus do not consider what, if any, effect the earlier oral argument panel opinion has on this determination.
 
 
 [7]
 To obtain a preliminary injunction, a plaintiff must prove:
 (1) a substantial likelihood that he will prevail on the merits;
 (2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted;
 (3) that the threatened injury to the plaintiff outweighs the threatened harm an injunction may cause the defendant; and
 (4) that granting the preliminary injunction will not disserve the public interest.
 Southern Monorail Co. v. Robbins & Myers, Inc., 666 F.2d 185, 186 (5th Cir.1982); Camenisch v. University of Texas, 616 F.2d 127, 130 (5th Cir.1980).
 
 
 [8]
 The emergency panel's order stated:
 IT IS ORDERED that appellant's motion for injunction pending appeal is GRANTED.
 IT IS FURTHER ORDERED that appellant's alternative motion to expedite the appeal is DENIED.
 Laurenzo v. Mississippi High School Activities Association, Inc., No. 80-3227 (5th Cir. March 31, 1980).
 The order further indicates that the grant of the injunction pending appeal was made by a two-to-one decision.
 
 
 [9]
 Rule 8 explicitly gives the court of appeals the power to grant a stay or an injunction pending an appeal. Fed.R.App.P. 8
 
 
 [10]
 In Florida Businessmen, this court had directed a limited remand to the district court to reconsider its earlier denial of a stay and injunction pending appeal. After the district court again denied the stay and injunction, this court reversed the district court and granted the stay
 Without citation to statutory or case authority, the panel in a two-to-one decision stated:
 We must consider four factors: (1) the likelihood that the moving party will ultimately prevail on the merits of the appeal; (2) the extent to which the moving party would be irreparably harmed by denial of the stay; (3) the potential harm to opposing parties if the stay is issued; and (4) the public interest.
 Florida Businessmen, 648 F.2d at 957.
 The dissenting judge contended that the correct formula for determining whether to grant the requested relief required a finding: (1) that a substantial likelihood exists that the district court abused its discretion in failing to grant relief; (2) that the appellant faces a substantial threat of irreparable injury; (3) that the threatened injury to the appellant outweighs any harm the temporary relief would impose on the appellee; and (4) that the relief would not disserve the public interest. Citing MacBride v. Askew, 541 F.2d 465, 467 (5th Cir.1976). Florida Businessmen, 648 F.2d at 948 (Kravitch, J., dissenting).
 
 
 [11]
 A later panel in Ruiz II (Ruiz v. Estelle, 666 F.2d 854 (5th Cir.1982)) emphasized that we had not eliminated likelihood of success as a prerequisite in the usual case and that in order to issue a stay absent a finding that the movant was likely to succeed on the merits, the balance of the equities must be heavily tilted in the movant's favor, and he must have presented a substantial case on the merits. Ruiz II, 666 F.2d at 856-57. See also United States v. McKenzie, 697 F.2d 1225, 1227 (5th Cir.1983)
 
 
 [12]
 As represented to the panel at oral argument by counsel for MHSAA, one of the emergency panel judges, in response to counsel's question, said, "What can be hurt by letting Laurenzo play?"