Gwain WOOTEN, on behalf of herself and others similarly situated, Plaintiffs-Appellants,

v.

The HOUSING AUTHORITY OF the CITY OF DALLAS, Defendant-Appellee.

No. 83–1573
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Jan. 23, 1984.

Julian, Daniel & Villarreal, Jose H. Villarreal, Dallas, Tex., for plaintiffs-appellants.

Leila Alvarado, Gen. Counsel, The Housing Auth. of Dallas, Dallas, Tex., for defendant-appellee.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Gwain Wooten appeals from the district court's denial of her request for attorneys' fees made under 42 U.S.C. § 1988. The decision to award fees turns on the determination of "prevailing party" status as used in the statute. Because the district court here applied an incorrect standard in concluding that Wooten could prevail only by a victory earned in court, we remand for renewed consideration of the prevailing party question.

Wooten sued the Dallas Housing Authority in March 1983, challenging the Authority's policy of requiring tenants who sought a pre-eviction grievance proceeding to place into escrow the amount of disputed utility charges. A temporary restraining order, unopposed by the Authority, was issued by the district court to prevent Wooten's eviction while her motion for a preliminary injunction was pending. Before the case proceeded any further, however, the Authority informed Wooten that a reexamination of federal housing regulations had impelled it to abandon the policy of requiring escrow deposits. Wooten was granted a grievance hearing, and she successfully moved for the dismissal of her lawsuit on the ground of mootness. Wooten's subsequent application for attorneys' fees was denied by the district court.

In denying Wooten's motion for fees, the district court noted in a detailed order that Wooten's action had been dismissed as moot before the court had made any evaluation of the merits of her claim. The Authority had not opposed the T.R.O., and no hearing on the motion for preliminary injunction had been held. The district court recognized that, due to the Authority's change of policy, Wooten had received all the relief she had sought, but the court held that "she is not entitled to attorney fees under a federal fee-shifting statute without establishing *in court* her entitlement to some relief on the merits of her claims" (emphasis in original).

In *Williams v. Leatherbury,* 672 F.2d 549, 550 (5th Cir.1982), we noted that "[v]ictory by judgment or an opponent's concession is not essential to identification of the 'prevailing party' entitled to recovery of an attorney's fee under [§ 1988]." A party could prevail in an out-of-court settlement, or a defendant might moot the suit by taking unilateral capitulatory action. A plaintiff who attains the sought-after relief by such means "may still recover attorney's fees if he can show both a causal connection between the filing of the suit and the defendant's action and that the defendant's conduct was required by law ...." *Id.* at 551. We defined "causal connection" to mean that "[t]he suit must be 'a substantial factor or a significant catalyst in motivating the defendants to end their unconstitutional behavior.'" *Id., quoting Robinson v. Kimbrough,* 652 F.2d 458, 466 (5th Cir.1981). Directly applicable here is the holding in *Davis v. City of Ennis,* 520 F.Supp. 262 (N.D.Tex.1981) (three judge court), that a plaintiff who can show a causal connection between his suit and the events that moot his claim will be deemed to have prevailed even though he never obtained a court order in his favor that directly relates to the merits. *Id.* at 265, *cited with approval in Smith v. Thomas,* 687 F.2d 113, 116 (5th Cir.1982).

Though the district court recognized that a party may prevail without proceeding through to a favorable judgment, the court was evidently misled by the fact that many of our decisions enunciating that principle have involved plaintiffs whose claims had been considered on the merits in a preliminary injunction hearing or similar proceeding. *See, e.g., Espino v. Besteiro,* 708 F.2d 1002 (5th Cir.1983). Cases like *Espino,* however, do not mean that a plaintiff who has obtained relief by the defendant's capitulation is ineligible to be considered a prevailing party simply because there has been no court decision in his favor. The district court was quite correct in its determination that the grant of a temporary restraining order alone is not necessarily a decision on the merits. *Smith v. Thomas,* 687 F.2d 113 (5th Cir.1982). But of course that is not the end of the matter.

The trial court was swayed by our observation in *Laurenzo v. Mississippi High School Activities Ass'n,* 708 F.2d 1038, 1041

(5th Cir.1983), that "[a]bsent a final judgment in his favor, ... to otherwise 'prevail' under § 1988, a party must have established his entitlement to some relief on the *merits of his claims* ..." (emphasis in original). *Laurenzo,* however, was an action brought by a high school student challenging a rule which prevented him from participating in school activities. The case was mooted when Laurenzo graduated from high school, and Laurenzo's application for attorneys' fees was denied because we found that he had not been a prevailing party. The crucial distinction between *Laurenzo* and the present case is that *Laurenzo* was mooted as a result of a change in the posture of the plaintiff whereas this case was mooted by action of the defendant. Plainly, when a defendant moots a case by unilateral action we are obliged to determine whether this action was spurred by the suit and effectively granted all the relief sought—a question which may not arise when the claim is mooted by some change in the plaintiff's status not caused by any act of the defendant. Consequently, the *Laurenzo* analysis was not appropriately applied here.

In our most recent discussion of this issue, *Posada v. Lamb County, Texas,* 716 F.2d 1066 (5th Cir.1983), we iterated the causal connection principles laid out in *Williams v. Leatherbury* and similar cases. "Some [fee] award is due," we said, "so long as the plaintiffs' actions made an important contribution to the improvements achieved." *Id.* at 1072. However, we warned that "[a] fee award is not justified if the plaintiffs' suit was 'completely superfluous' to the attainment of relief." *Id.* (citation omitted).

The Dallas Housing Authority challenges Wooten's claim that this lawsuit spurred its change in policy concerning escrow deposits, maintaining instead that the policy had been changed even before suit was filed and that Wooten's attorneys were aware of this development. Wooten, of course, argues that the policy was altered in response to this suit. Though this factual dispute was set before the district court, that court made no findings on this issue because it concluded that Wooten could not in any event be considered a prevailing party. The parties have now laid this causal connection question before us, but we decline to reach it. As we said in *Posada:*

> At bottom, the inquiry is an intensely factual, pragmatic one. Clues to the provocative effects of the plaintiffs' legal efforts are often best gleaned from the chronology of events: defendants, on the whole, are usually rather reluctant to concede that the litigation prompted them to mend their ways. But credibility choices in the resolution of conflicting testimony are the district court's province as fact-finder.

716 F.2d at 1072 (citations omitted). We leave to the district court the task of resolving the factual dispute between these parties.

Accordingly, we VACATE the district court's judgment denying plaintiff's claim for attorneys' fees, and REMAND for a determination of whether Wooten's lawsuit was a substantial factor or significant catalyst in the Dallas Housing Authority's decision to cease requiring escrow deposits by tenants seeking a pre-eviction grievance hearing.