Moses **LEROY**, Mickey Leland, Harris County Council of Organizations, Lawrence L. Pope, Ben Reyes, Joe Perez, Joe Padilla, Don Horn, Political Association of Spanish Organizations, Hector Garcia, and the Harris County Women's Political Caucus, Plaintiffs,

v.

The **CITY OF HOUSTON**, et al., Defendants.

Civ. A. No. H–78–2174.

United States District Court,
S.D. Texas,
Houston Division.

April 6, 1984.

---

**654**

L.A. Greene, Jr., Daniel K. Hedges, U.S. Atty., Houston, Tex., Jesse R. Botello, San Antonio, Tex., for plaintiffs.

Robert M. Collie, Jr., Houston, Tex., Paul F. Hancock, Washington, D.C., Craig Washington, Houston, Tex., for defendants.

## MEMORANDUM, OPINION AND ORDER

McDONALD, District Judge.

Came on to be heard Defendant's Motion to Exclude from Consideration in this Case Plaintiffs' Claims for Attorneys' Fees for Legal Services Performed in Other Cases and Administrative Proceedings. Having considered the arguments of the parties and the applicable law, the Court is of the opinion that the Motion should be DENIED.

### I. Background

The case at bar involves the awarding of attorneys' fees for work done in various civil rights cases; the request for attorney's fees was made under 42 U.S.C. § 1988[1] and 42 U.S.C. § 1973*l*(e).[2] The fees for which claims have been lodged cover work done in, *inter alia*, *Greater Houston Civic Council, Inc., v. Mann*, 440 F.Supp. 696; *Leroy v. City of Houston*, CA–H–75–1731; and various administrative proceedings before the United States Department of Justice regarding preclearance of changes in Houston's ("the City") voting practices and procedures. *Mann* involved constitutional challenges to the City's system of electing city council members at-

large. Defendants prevailed at trial in *Mann;* Plaintiffs appealed, and the case was mooted before an appeal filed with the Fifth Circuit was heard. *Leroy* was brought under the Voting Rights Act of 1965. The case centered on the City's failure to preclear with the Justice Department various annexations and disannexations and contained a prayer for relief seeking to have the City adopt a single-member election system for the City Council. The Court in *Leroy* denied both a Motion for Preliminary Injunction and a Motion to Amend to include in the suit annexations occurring in 1977 and 1978. The case at bar was filed after the Motion to Amend was denied, and a final judgment was entered for defendants. The relief sought in this case consisted of preclearance of the 1977 and 1978 annexations referred to in the Motion to Amend discussed above and the abolition of the single-member district City Council. The City subsequently sought preclearance for the 1977 and 1978 annexations and adopted a modified single-member district City Council plan.

The Motion under consideration seeks to "exclude from consideration" the attorney's fees incurred in *Mann, Leroy,* and the administrative proceedings described above. Defendants argue in support of their Motion that Plaintiffs are not entitled to attorney's fees in those three actions. In regard to *Mann* and *Leroy*, Defendants contend fundamentally that Plaintiffs were not prevailing parties, both because judgment was entered for defendants in both cases and because Plaintiffs allegedly have not proved that the two lawsuits were either "the sole reason ... [or] at least a major factor" in ultimately obtaining the relief those cases sought, *i.e.*, preclearance

---

1. 42 U.S.C. § 1988 provides in pertinent part that:

 In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

2. 42 U.S.C. § 1973*l* (e) provides that:

 In any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

and single-member City Council districts. *Coen v. Harrison County School Board,* 638 F.2d 24, 26 (5th Cir.1981), *cert. denied* 455 U.S. 938, 102 S.Ct. 1427, 71 L.Ed.2d 647 (1982) (*per curiam*). Defendants argue with respect to the administrative proceedings that the proceedings involved were neither adversarial nor essential to the litigation at hand and that Plaintiffs were not truly parties to those proceedings; thus, under *New York Gaslight Club, Inc.,* 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980), attorney's fees are not available. Plaintiffs contend in response that the work they did in the prior cases was used by the Justice Department in the instant litigation.

## II. Discussion

The Court has concluded that the Motion at bar fails for two reasons, either one of which would support the denial of this Motion. The Court will discuss each of these reasons separately.

 Initially, the Defendant has not proved that Plaintiffs cannot meet the standard imposed by the Fifth Circuit regarding awards of attorneys' fees. Defendant argues that the correct standard is the one from *Coen, supra.* Consequently, the failure of Plaintiffs to prove that their work in *Mann, Leroy,* and the administrative proceedings was the cause of the ultimate change in the City's electoral and annexation policies precludes the award of fees in those three actions. However, the test for when attorney's fees are available although plaintiffs have not obtained a judgment has recently been formulated differently. Awards of attorney's fees may be granted as long as plaintiffs' actions "made an important contribution to the improvements achieved." *Posada v. Lamb County, Texas,* 716 F.2d 1066 (5th Cir.1983). *See also Williams v. Leatherbury,* 672 F.2d 549, 551 (5th Cir.1982) (when the actions of a defendant moot a case, "plaintiff may still recover attorney's fees if he can show both a causal connection between the filing of the suit or the defendant's action and that the defendant's conduct was required by law....") (citations omitted);

*Robinson v. Kimbrough,* 652 F.2d 458, 466 (5th Cir.1981) (the suit must be "a substantial factor or a significant catalyst in motivating the defendants to end their unconstitutional behavior"); *Iranian Students Ass'n v. Sawyer,* 639 F.2d 1160, 1163 (5th Cir.1981) ("[T]he record must reflect ample evidence of a link between the litigation and appellees' action before the district court can award attorney's fees under Section 1988"). There is evidence in the record to show that the work performed in *Mann, Leroy,* and the administrative proceedings contributed to and may have catalyzed the case. For example, Plaintiffs indicate in their reply to Defendants' Motion that the work done in those cases was used in the case at bar, and what contribution was made is best left to this Court as a trier of fact. *Wooten v. Housing Auth. of City of Dallas,* 723 F.2d 390 at 391 (5th Cir.1984). Thus, the linkage between the cases appears to exist; at best, the Motion is premature pending a stronger factual showing that previous work was not so linked. *Compare Laurenzo v. Mississippi High School Activities Ass'n,* 708 F.2d 1038 (5th Cir.1981) (plaintiff's graduation mooted question of whether challenge to school rule was meritorious); *Smith v. Thomas,* 687 F.2d 113 (5th Cir.1982) (award of attorney's fees denied when sheriff's losing election stopped civil rights violation complained of in lawsuit).

Moreover, attorneys' fees may be available to Plaintiffs in the instant case because the work performed by Plaintiffs in what Defendant terms "unsuccessful" litigation contributed to the action which ultimately afforded Plaintiff the relief they sought. "In computing the fee [under § 1988], counsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, 'for all time reasonably expended' in a matter." S.Rep. No. 94–1011, 94th Cong.2d Sess. 6, *reprinted in* [1976] U.S.Code Cong. & Ad.News, pp. 5908, 5913. *See also Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1943, 76 L.Ed.2d 40 (1983) (where lawsuit consists of related claims,

plaintiff winning "substantial relief" should not consequently have attorney's fees reduced); *Williams v. City of Fairburn, Ga.*, 702 F.2d 973 (11th Cir.1983) (plaintiff may recover for unsuccessful claims in lawsuit when she prevailed only on a small portion of claims asserted); *Jones v. Diamond*, 636 F.2d 1364 (5th Cir. 1981), *cert. granted*, 452 U.S. 959, 101 S.Ct. 3106, 69 L.Ed.2d 970 (1981), *cert. amended sub nom. Ledbetter v. Jones*, 453 U.S. 911, 101 S.Ct. 3141, 69 L.Ed.2d 993 (1981), *cert. dism'd* 453 U.S. 950, 102 S.Ct. 27, 69 L.Ed.2d 1033 (1981) (if unsuccessful claims contributed to success of case, attorneys' fees are available on claims). These cases dealt with unsuccessful claims within the same lawsuit, but the Court finds no basis for distinction between unsuccessful but contributing work that is done within one case and that which is done in two or more related but separate cases. *See also Sullivan v. Commonwealth of Pa. Dep't of Labor and Industry, Bureau of Vocational Rehabilitation*, 663 F.2d 443 (3rd Cir. 1981) *cert. denied* 455 U.S. 1020, 102 S.Ct. 1716, 72 L.Ed.2d 138 (1982) (work done to develop administrative claim which ultimately succeeded could be awarded in federal lawsuit regarding same issue although substantive portion of lawsuit was not successful). To reach any other result in a case such as the one at bar could produce anomalous results. For example, one party could expend a great amount of resources investigating and developing a claim that ultimately fails at trial. A second party could thereafter obtain and use the fruits of the first party's labor and, with much less effort than would have been needed to investigate and develop the case *de novo*, produce additional facts or evidence that allowed him to triumph in litigation. The contribution of the first party should not be ignored. Thus in the case at bar, this Court should not be precluded from hearing evidence of work done in one case that was eventually used in another case.[3]

**3.** The actual extent to which Plaintiffs' counsels' work contributed to the successful litigation is

Accordingly, it is ORDERED, ADJUDGED, and DECREED that the Motion be and hereby is DENIED.

left to a hearing on the merits of the request for attorney's fees.