**L.R. SMITH, Plaintiff-Appellee,**

v.

**Carl THOMAS, et al., Defendants,**

**County of Dallas, Texas, et al., Defendants-Appellants.**

No. 82–1089
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Feb. 24, 1984.

Opinion on Denial of Rehearing and Rehearing En Banc May 3, 1984.

---

Earl Luna, Dallas, Tex., for County of Dallas, Tex., et al.

James C. Barber, Dallas, Tex., Garnett E. Hendrix, Jr., Dallas, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, and POLITZ and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

In our original decision in this case, *Smith v. Thomas*, 687 F.2d 113 (5th Cir. 1982), we held that the record would not support an award of attorney's fees under 42 U.S.C. § 1988 to plaintiff L.R. Smith, as he had failed to demonstrate that he was a "prevailing party" in his suit charging his former employer, former Dallas County Sheriff Carl Thomas, with firing Smith unlawfully following Smith's exercise of First Amendment rights.[1] Though the record indicated that Smith returned to work after a five day absence under the terms of a temporary restraining order, and that he ultimately suffered no detriment as a result of his conflict with the sheriff, the district court made no finding that Smith won relief as a result of any settlement between the parties. Rather, the record suggested that Smith's "victory" stemmed from the fortuitous circumstance that Sheriff Thomas was defeated in his re-election efforts, and was consequently not in any position thereafter to terminate Smith's employment in the Sheriff's Department. As Smith had never prevailed in court on the merits of his claim, the temporary restraining order on these facts being no more than a maintenance of the status quo, we held that this failure to establish that the lawsuit was a substantial catalyst in ending the allegedly unconstitutional behavior prevented an award of attorney's fees to Smith under § 1988.

In reviewing the record, we discovered references suggesting some settlement between the parties relating to the merits of the action. Accordingly, in an unpublished opinion dated February 11, 1983, we withheld our mandate reversing the award of attorney's fees and remanded the case to the district court for the purpose of allowing the parties to supplement the record with respect to this possible agreement. The district court was instructed to take evidence regarding any settlement or agreed disposition of the case relevant to Smith's status as a prevailing party. Pursuant to our instructions, the district court held a hearing in which it heard testimony by plaintiff Smith and by the attorneys representing all the parties in this action. On this basis, the district court found that there had been an agreement between Smith and Thomas that Thomas had acted unconstitutionally when he fired Smith. It was this agreement as to the merits of the action, the district court found, that impelled Thomas not to oppose the extension of the temporary restraining order under which Smith continued his employment in the Sheriff's Department. Concluding that Smith's lawsuit was a substantial factor contributing to his continued employment, the district court reaffirmed its order

---

**1.** The facts are more fully set out in our original opinion.

granting Smith attorney's fees under § 1988.

■ The first question we now address is whether the supplemented record supports the district court's finding that Smith was a "prevailing party" for purposes of § 1988. We stress that a claimant need not prevail in court on the merits of his claim in order to be a prevailing party under § 1988. As we have recently noted:

A party could prevail in an out-of-court settlement, or a defendant might moot the suit by taking unilateral capitulatory action. A plaintiff who attains the sought-after relief by such means "may still recover attorney's fees if he can show both a causal connection between the filing of the suit and the defendant's action and that the defendant's conduct was required by law . . . ."

*Wooten v. Housing Authority of City of Dallas*, 723 F.2d 390, at 391 (5th Cir.1984), *quoting Williams v. Leatherbury*, 672 F.2d 549, 551 (5th Cir.1982).

■ In an exhaustive opinion, the district court concluded that Smith had made the necessary showing under this test. The attorney who had represented Sheriff Thomas in this matter testified credibly that Thomas had given up any efforts to fire Smith and did not oppose extension of the temporary restraining order because he was convinced that there was no way for the Sheriff to prevail on the merits if the case proceeded to trial. This showing satisfies the standards we described in *Wooten*, and establishes that Smith's victory was attributable to Thomas' capitulation and not to the results of the election that was held some months thereafter. Despite the many objections raised by the Dallas County defendants,[2] we discern no error in the district court's findings, and we affirm its determination that Smith is a prevailing party entitled to recover attorney's fees under § 1988.

■ The second question confronting us concerns who is liable to pay these attorney's fees. Smith seeks recovery from Dallas County on the grounds that Thomas, at the time of the challenged incident, was serving in his official capacity as Sheriff of Dallas County. The argument by the Dallas County Defendants that Thomas was sued only in his individual capacity is meritless. Smith's complaint distinctly relates that "Defendant Carl Thomas is the Sheriff of Dallas County, Texas, and was, at all times material hereto, acting in his capacity of Sheriff . . . ."

The Dallas County Defendants argue vigorously that Sheriff Thomas' personnel actions should not expose the County Treasury to liability for attorney's fees. We need not consider these arguments, for our resolution of this question is controlled by two prior decisions of this court which establish conclusively that the county is liable for attorney's fees under the circumstances presented. *See Barrett v. Thomas*, 649 F.2d 1193, 1201–02 (5th Cir.1981), *cert. denied*, 456 U.S. 936, 102 S.Ct. 1992, 72 L.Ed.2d 455 (1982); *Collins v. Thomas*, 649 F.2d 1203, 1205 (5th Cir.1981), *cert. denied*, 456 U.S. 936, 102 S.Ct. 1992, 72 L.Ed.2d 455 (1982).[3]

In sum, we hold that Smith was a "prevailing party" for purposes of § 1988, and that the County of Dallas is liable for any attorney's fee award. The district court, employing the standard prescribed by *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), awarded attorney's fees of $14,375.00. No abuse of discretion appears in this award.

AFFIRMED.

---

2. The "Dallas County Defendants" are the five members of the Dallas County Commissioner's Court, the County Auditor, and the County Treasurer. These parties were joined for the sole purpose of enabling Smith to recover attorney's fees from the county rather than from Thomas individually should he prevail in the action. No substantive relief was sought from these defendants. Though the Dallas County Defendants assert truthfully that they never joined in any settlement agreement between Smith and Thomas, this circumstance does not impair Smith's claim to prevailing party status under § 1988.

3. *Barrett* and *Collins* held that County liability for the Sheriff's employment practices is sustainable under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The scope of municipal liability under *Monell* is currently being considered by this court en banc in *Bennett v. City of Slidell*, 697 F.2d 657, and *Webster v. City of Houston*, 689 F.2d 1220. Though the resolution of those cases might affect the continued vitality of the *Barrett* and *Collins* holdings, we apply the law of this circuit as it exists at the time that this case is decided.

ON PETITION FOR REHEARING AND
SUGGESTION FOR REHEARING
EN BANC

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

The petition for rehearing is denied. We iterate that plaintiff Smith satisfied the two-part test we enunciated in *Williams v. Leatherbury*, 672 F.2d 549 (5th Cir.1982). There we noted that a litigant whose victory is not won in the courtroom "may still recover attorney's fees if he can show both a causal connection between the filing of the suit and the defendant's action and that the defendant's conduct was required by law, *i.e.*, not a wholly gratuitous response to an action that in itself was frivolous or groundless." *Id.* at 551.

Capitulation by a defendant seeking to avoid the costs of protracted litigation will not invariably result in an award of attorney's fees. "Strike suits" having no sound legal basis and pursued for purposes of harassment and easy profit should not be so rewarded. This suit was not of this genre.

The Petition for Rehearing is DENIED, and no member of this panel nor Judge in regular active service on this Court having requested that the Court be polled on rehearing en banc (Rule 35 Fed.R.App.P.; Local Fifth Circuit Rule 16), the Suggestion for Rehearing En Banc is also DENIED.