**KANSAS HOSPITAL ASSOCIATION, Bethany Medical Center, Asbury–Salina Regional Medical Center, and Stormont–Vail Regional Medical Center, and Inez Williams and Vanessa Brewer, individually and on behalf of all similarly situated persons, Plaintiffs,**

v.

**Donna L. WHITEMAN, in her official capacity as Secretary of the Kansas Department of Social and Rehabilitation Services, Defendant.**

Civil Action No. 93–4217–DES.

United States District Court,
D. Kansas.

May 16, 1997.

Charles R. Hay, Wayne T. Stratton, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for Kansas Hosp. Ass'n, Bethany Medical Cent., Asbury–Salina Regional Medical Cent., Inc., Stormont Vail Regional Medical Cent.

Carol L. Boorady, Legal Services of Wichita, Wichita, KS, Jane K. Swanson, The Woodlands, TX, Lynette F. Petty, Julie Kunce Field, Washburn Law Clinic, Topeka, KS, Stephen M. Kirschbaum, Kansas City, KS, for Inez Williams, Vanessa L. Brewer.

Carol L. Boorady, Legal Services of Wichita, Wichita, KS, Jane K. Swanson, The Woodlands, TX, Stephen M. Kirschbaum, Kansas City, KS, for Gary Byers.

Reid Stacey, Social & Rehabilitation Services, Topeka, KS, Vickie J. Larson, S. William Livingston, Jr., Covington & Burling, Washington, DC, Bruce A. Roby, Kansas Dept. of SRS, Topeka, KS, for Kansas Dept. of Social and Rehabilitation Services.

Jackie A. Rapstine, Office of U.S. Attorney, Topeka, KS, C. Geraldine Umphenour, Kansas City, MO, for Donna E. Shalala, Bruce Vladeck.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on plaintiffs' motion for attorney's fees and costs (Doc. 162).

## I. BACKGROUND

Plaintiffs filed this action on September 29, 1993, as a class action pursuant to 42 U.S.C. § 1983. Plaintiffs challenged the decision of the Kansas Department of Social and Rehabilitation Services ("SRS") to increase its copayment for general hospital inpatient services and inpatient free standing psychiatric facility services from $25 to $325 per admission for Medicaid patients. Upon plaintiffs' motion, the court granted a temporary restraining order preventing SRS from implementing the copayment and requiring a bond. The court dissolved the temporary restraining order after conducting a preliminary injunction hearing and denying plaintiffs' request for preliminary injunction. The Tenth Circuit affirmed the court's denial of preliminary injunction. On October 13, 1994, the court denied plaintiffs' renewed motion for preliminary injunction as well as plaintiffs' motion for partial summary judgment.

On July 13, 1995, SRS published a permanent regulation changing the copayment to $48. Accordingly, on February 23, 1996, SRS filed a motion to dismiss plaintiffs' cause of action for mootness. Plaintiffs did not oppose defendant's motion and on September 9, 1996, the court dismissed the action without prejudice.

## II. DISCUSSION

■ 42 U.S.C. § 1988(b) provides that "[i]n any action or proceeding to enforce a provision of section[ ] . . . 1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." The purpose of the statute is to "ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (1983) (quoting H.R.Rep. No. 94–1558 (1976)). In light of the statute's broad purpose, a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id.* at 429, 103 S.Ct. at 1937 (quoting *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 966–67, 19 L.Ed.2d 1263 (1968)).

SRS denies that plaintiffs were a "prevailing party" as required by 42 U.S.C. § 1988(b) to recover attorney's fees. Defendant points out that the court's September 1996 judgment expressly dismissed the case. Defendant also notes that the court denied plaintiffs' motions for preliminary injunction and partial summary judgment.

This court has held that a plaintiff may be a "prevailing party" under 42 U.S.C. § 1988(b) even where there has been no judicial determination that the plaintiff's rights have been violated. *T.Y. ex rel. Petty v. Board of County Comm'rs*, 912 F.Supp. 1416, 1419 (D.Kan.1995). *See Maher v. Gagne*, 448 U.S. 122, 129, 100 S.Ct. 2570, 2574–75, 65 L.Ed.2d 653 (1980); *Savidge v. Fincannon*, 836 F.2d 898, 905 (5th Cir.1988)(noting that a plaintiff may prevail "and thus be presumptively entitled to fees" in a case that becomes moot before judgment on the merits.) In *T.Y.*, this court found that the legislative history of 42 U.S.C. § 1988(b) indicates Congress intended such an interpretation. *See* S.Rep. No. 94–1011 (1976), U.S. Code Cong. & Admin. News 1976, pp. 5908, 5912 ("for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief").

■ Where, as here, there has been no judicial determination on the merits, the Tenth Circuit applies a two-prong "catalyst" test to determine whether a plaintiff has prevailed for purposes of obtaining attorney's fees. *Foremaster v. City of St. George*, 882 F.2d 1485, 1488 (10th Cir.1989). "A plaintiff must show '(1) that [the] lawsuit is causally linked to securing the relief obtained, and (2) that the defendant's conduct in response to the lawsuit was required by law.'" *Id.* at 1488 (quoting *J & J Anderson, Inc. v. Town of Erie*, 767 F.2d 1469, 1473 (10th Cir.1985)). The Tenth Circuit clarified these requirements in *Beard v. Teska*, 31 F.3d 942, 952 (10th Cir.1994). To meet the first prong of the test, a plaintiff must show that its action "is a substantial factor or significant catalyst" leading to the relief obtained. *Id.* at 952 (quoting *American Council of the Blind of Colo., Inc. v. Romer*, 962 F.2d 1501, 1503 (10th Cir.1992)). To meet the second prong

of the test, a plaintiff must show "that the defendant's conduct was required by law, i.e., not a wholly gratuitous response to an action that in itself was frivolous or groundless." *Id.* (quoting *Williams v. Leatherbury,* 672 F.2d 549, 551 (5th Cir.1982)).

▇▇▇ Plaintiffs correctly note that the chronology of events can indicate whether a plaintiff's actions were the catalyst for the relief obtained. *See Beard,* 31 F.3d at 952. In the present case, plaintiffs set forth a detailed chronology of events they contend establishes their lawsuit as "a substantial factor or significant catalyst" leading to defendant's abandonment of the $325 copayment. Upon close examination of plaintiffs' chronology, however, the court is not convinced that plaintiffs have met their burden.

Most of plaintiffs' chronology consists of actions before the Federal Health Care Financing Administration ("HCFA"), not before this court. Indeed, much of the parties' interaction with the HCFA lends support to defendant's position that the reason SRS changed its copayment was because the HCFA threatened to withhold all federal financial participation in the Kansas Medicaid program and was preparing to change its regulation defining a reasonable copayment. That the HCFA allowed plaintiffs to intervene in the process by which it considered defendant's regulation does not support plaintiffs' contention that their lawsuit was a significant catalyst leading to SRS's partial reversal. The proceedings before the HCFA were triggered independently of plaintiffs' lawsuit when SRS submitted to the HCFA a state plan amendment to increase its copayment. Furthermore, the HCFA's preliminary findings, that the copayment imposed by SRS did not conform to its approved state plan, was almost certainly not a result of the objections submitted by plaintiffs.

The court also notes the absence of any significant litigation activity that might have caused SRS to change its copayment. On October 13, 1994, the court denied plaintiffs' renewed motion for preliminary injunction and plaintiffs' motion for partial summary judgment. Not only were these rulings adverse to plaintiffs, but nothing regarding the lawsuit occurred following these rulings that could be construed as a substantial factor in SRS's May 1995 decision to reduce the copayment. Events external and independent of the lawsuit, however, did occur that would have prompted SRS to accede. On January 12, 1995, the HCFA notified the state of Kansas that it had until close of business on January 13, 1995, to comply §§ 1902(a)(14) and 1902(a)(19) of the Social Security Act and 42 C.F.R. § 447.54(c) or the HCFA would proceed with a compliance hearing. SRS did not submit an approvable plan by the deadline. Accordingly, on March 24, 1995, the HCFA published notice in the Federal Register of a compliance hearing and indicated that, by failing to comply substantially in the administration of federal law, Kansas was substantially out of compliance with the requirements for continued federal financial participation. By May 9, 1995, SRS had decided to reduce the copayment to $48.

The court finds that plaintiffs' suit was not a substantial factor in securing the relief obtained. Nevertheless, the court will examine the second prong of the *Foremaster* test and determine whether the defendant's conduct was required by law, i.e., not a wholly gratuitous response to an action that in itself was frivolous or groundless.

Plaintiffs contend their lawsuit was not frivolous or groundless and therefore the second prong of the catalyst test is met. The court agrees that plaintiffs' suit was not frivolous or groundless, but this finding alone does not end the inquiry. Plaintiffs are mistaken when they suggest the "only question is whether the suit was frivolous, unreasonable, or groundless...." This inquiry is only part of the test, and does not address the question of causality. The court must also consider whether defendant's conduct was somehow legally compelled by existing law or by the outcome of the lawsuit. In this case, plaintiffs present no evidence to persuade the court that defendant's conduct was required by law.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiffs, motion for attorney's fees and costs (Doc. 162) is denied.