INTERPHOTO CORPORATION,
Plaintiff-Appellee,

v.

MINOLTA CORPORATION, Defendant-
Appellant.

No. 42, Docket 33460.

United States Court of Appeals
Second Circuit.

Argued Sept. 29, 1969.

Decided Oct. 16, 1969.

Forbes D. Shaw, New York City (Whitman, Ransom & Coulson, New York City, Patrick H. Sullivan and Richard A. Lang, Jr., New York City, of counsel), for defendant-appellant.

Sanford M. Litvack, New York City (Donovan, Leisure, Newton & Irvine, New York City, Albert H. Hoddinott, Jr., and John H. Wilkinson, New York City, of counsel), for plaintiff-appellee.

Before FRIENDLY, SMITH and FEINBERG, Circuit Judges.

PER CURIAM:

This action under § 16 of the Clayton Act, 15 U.S.C. § 26 was brought, in the District Court for the Southern District of New York, against a manufacturer of imported photographic equipment by a former distributor whose agreement it had terminated. The late Judge Herlands, in January 1969, issued a temporary injunction against the manufacturer's refusal to deal, 295 F.Supp. 711. Not contesting at this juncture the court's conclusion that various attempts on its part to control the prices at, the territories in, and the customers to which the distributor sold constituted *per se* violations of the antitrust laws, the manufacturer challenges the judge's finding that it terminated the distributorship because of plaintiff's failure to follow its directions, and his conclusions with respect to irreparable injury.

■ The former finding is one of fact and thus within the ambit of the "unless clearly erroneous" rule. F.R. Civ.P. 52(a). On this record we are a long way from having a "definite and firm conviction that a mistake has been committed." United States v. U. S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). With respect to irreparable injury, while the judge was not obliged to accept plaintiff's contention that it would be unable to calculate its damages since it would suffer not merely loss of profits with respect to Minolta's goods but loss of good will from the lack of a "full line," he was free to do so, especially in light of the relatively slight harm a temporary injunction would cause the defendant—a point rather strongly evidenced by its failure to seek the preference we commonly grant to appeals from the issuance or denial of a temporary injunction, 28 U.S.C. § 1292(a) (1), or to bring the action on for trial.

■■ Defendant also complains of a supplementary order directing it to deliver goods to plaintiff in California, although that state was excluded from the original distributorship agreement. However, the original order, relying on United States v. Arnold, Schwinn & Co., 388 U.S. 365, 87 S.Ct. 1856, 18 L.Ed.2d 1249 (1967), forbade the defendant to impose territorial restrictions on plaintiff's resale. It was entirely proper for the district judge to hold that defendant could not circumvent this order by refusing, without substantial justification, to ship its products to plaintiff at any location from which plaintiff could effectively compete in the formerly restricted area. Defendant's objection that the original and supplemental orders are insufficiently specific to comply with the requirements of F.R.Civ.P. 65(d) is without merit.

Affirmed.