**FLORIDA BUSINESSMEN FOR FREE ENTERPRISE, Plaintiffs-Appellants,**

v.

**The CITY OF HOLLYWOOD, Defendant-Appellee.**

No. 80–5769.

United States Court of Appeals, Fifth Circuit. Unit B

June 10, 1981.

Simon, Schindler & Tripp, Tobias Simon, Sharon B. Jacobs, Miami, Fla., for plaintiffs-appellants.

Nancy A. Cousins, City Atty., Leonard Lubart, Asst. City Atty., Hollywood, Fla., for defendant-appellee.

Before GODBOLD, Chief Judge, and KRAVITCH and HATCHETT, Circuit Judges.

GODBOLD, Chief Judge:

Appellants have moved to stay an order of the United States District Court for the Southern District of Florida dated August 19, 1980 and to enjoin enforcement of an ordinance of the City of Hollywood pending resolution of this appeal. We directed a limited remand to permit the district court to reconsider its earlier denial of a stay and injunction pending appeal in light of the Sixth Circuit's reversal of a decision of the District Court for the Northern District of Ohio upon which the court below placed considerable reliance, *Record Revolution No. 6, Inc. v. City of Parma*, 492 F.Supp. 1157 (N.D.Oh.), *rev'd* 638 F.2d 916 (6th Cir. 1980), *vacated and remanded on what appear to be other grounds*, 49 U.S.L.W. 3882, —— U.S. ——, 101 S.Ct. 2998, 69 L.Ed.2d 384 (U.S. May 26, 1981). The district court again denied a stay and injunction pending appeal, and appellants renewed their motion in this court. We now grant the motion.

Appellants filed this action challenging as unconstitutional Hollywood ordinance No. 0–80–15, which proscribes the use, possession with intent to use or deliver, delivery, manufacture, and advertisement of "drug paraphernalia." The ordinance is based almost verbatim on the Model Drug Paraphernalia Act drafted by the Drug Enforcement Administration of the U.S. Department of Justice. Appellants contend that the ordinance is, inter alia, impermissibly vague and unduly burdensome of first amendment rights. The district court rejected these arguments and upheld the ordinance.

We must consider four factors: (1) the likelihood that the moving party will ultimately prevail on the merits of the appeal; (2) the extent to which the moving party would be irreparably harmed by denial of the stay; (3) the potential harm to opposing parties if the stay is issued; and (4) the public interest.

The ordinance at issue is but one of a recent proliferation of state and local statutes and ordinances that seek to limit the availability of materials that facilitate and encourage the use of illegal drugs. With the exception of the Tenth Circuit's recent decision in *Hijera Corp. v. MacFarlane*, No. 80–2062, —— F.2d —— (10th Cir. May 5, 1981) (reversing district court's finding of vagueness and remanding for consideration of other issues), no federal circuit court has

upheld a drug paraphernalia law.[1] *See Flipside, Hoffman Estates, Inc. v. Village of Hoffman Estates*, 639 F.2d 373 (7th Cir. 1981) (licensing scheme held void for vagueness); *High Ol' Times, Inc. v. Busbee*, 621 F.2d 141 (5th Cir. 1980), *aff'g* 456 F.Supp. 1035 (N.D.Ga.1978) (statute prohibiting dissemination of drug-oriented literature to minors held violative of first amendment); *Geiger v. City of Eagan*, 618 F.2d 26 (8th Cir. 1980) (reversing denial of preliminary injunction against enforcement of paraphernalia ordinance); *Houseworth v. Glisson*, 614 F.2d 1295 (5th Cir. 1980), *aff'g* 485 F.Supp. 29 (N.D.Ga.1978) (revocation of business licenses for selling paraphernalia held unconstitutional). Moreover, in *Record Revolution, supra*, the Sixth Circuit invalidated three city ordinances virtually identical to the ordinance in this case. *But see Geiger, supra*, at 28 n.4 (implying approval of Model Drug Paraphernalia Act). Appellants have established a substantial likelihood of success on the merits of their appeal.

■ In this case the issues of irreparable injury, harm to opposing parties, and the public interest are closely tied to appellants' likelihood of success on the merits. If appellants refrain from selling arguably proscribed items during the pendency of this appeal they may suffer substantial business losses that they may not be able to recoup should they ultimately succeed on appeal.[2] Appellants point out that because of injunc-

tions issued by district courts in other cases, *see Florida Businessmen for Free Enterprise v. Florida*, No. TCA 80–0954 (N.D.Fla. Sept. 30, 1980) (order granting injunction pending appeal); *Florida Businessmen for Free Enterprise v. Pinellas County*, No. 80–482 Civ–T–H (M.D.Fla. May 15, 1980) (order granting preliminary injunction), the items proscribed by the Hollywood ordinance are readily available outside the city limits of Hollywood. Thus appellants may lose not only profits from the sale of proscribed items but also lose sales of other items to competitors in nearby areas.[3] If appellants continue to do business pending our decision on the merits they face the threat of criminal prosecutions (in which each defendant could challenge only the portion of the ordinance applicable to the particular prosecution, rather than the ordinance as a whole) under a potentially invalid ordinance.

■ Also, the ordinance's prohibition of advertisements for the proscribed items is alleged to violate the first amendment even if the remainder of the statute is constitutional, and appellants have a substantial likelihood of success on this claim as well. *See Record Revolution*, 638 F.2d at 937–38; *High Ol' Times*, 456 F.Supp. at 1040–41. "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2689, 49 L.Ed.2d 547, 565 (1976).

1. After this opinion was prepared the Eighth Circuit upheld a statute based on the Model Drug Paraphernalia Act. The *Casbah Inc. v. Thone*, 651 F.2d 551 (8th Cir. 1981). This does not change our conclusion.

2. A substantial loss of business may amount to irreparable injury if the amount of lost profits is difficult or impossible to calculate, especially where, as alleged by appellants, the loss of business may result in bankruptcy. *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 932, 95 S.Ct. 2561, 2568, 45 L.Ed.2d 648, 660 (1975) ("substantial loss of business and perhaps even bankruptcy"); *Planned Parenthood v. Citizens for Community Action*, 558 F.2d 861, 866–67 (8th Cir. 1977) (incalculable loss of revenue); *New York Pathological & X-Ray Laboratories, Inc. v. Immigration & Naturalization Service*,

523 F.2d 79, 81–82 & n.5 (2d Cir. 1975) (loss of 15% of business). *Cf. Independent Bankers Ass'n v. Smith*, 534 F.2d 921, 950 (D.C.Cir.), *cert. denied*, 429 U.S. 862, 97 S.Ct. 166, 50 L.Ed.2d 141 (1976). *See also* cases discussed in note 3, *infra*.

3. If customers are likely to stop patronizing a supplier because it can no longer continue to provide goods or services available elsewhere, the impossibility of calculating the value of this loss of goodwill amounts to irreparable injury. *Guiness-Harp Corp. v. Jos. Schlitz Brewing Co.*, 613 F.2d 468, 473 (2d Cir. 1980); *Planned Parenthood, supra* note 1, at 867; *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 196–97 (4th Cir. 1977); *Interphoto Corp. v. Minolta Corp.*, 417 F.2d 621, 622 (2d Cir. 1969).

The city, of course, has an interest in enforcing its ordinance if it is ultimately upheld, and this interest would suffer from delay in enforcement created by an injunction pending appeal. Given appellants' substantial likelihood of success on the merits, however, the harm to the city from delaying enforcement is slight. The public interest does not support the city's expenditure of time, money, and effort in attempting to enforce an ordinance that may well be held unconstitutional. *See Florida Businessmen for Free Enterprise v. Florida, supra.*

Appellants' motion for stay is GRANTED and the enforcement of City of Hollywood ordinance No. 0–80–15 is ENJOINED pending the resolution of this appeal.

KRAVITCH, Circuit Judge, dissenting:

I would not issue a stay and injunction in this case. An injunction pending appeal is extraordinary relief that should be granted sparingly. We do not grant such relief unless we find: (1) that a substantial likelihood exists that the district court abused its discretion in failing to grant relief, (2) that the appellant faces a substantial threat of irreparable injury, (3) that the threatened injury to the appellant outweighs any harm the temporary relief would impose on the appellee, and (4) that the relief would not disserve the public interest. *MacBride v. Askew,* 541 F.2d 465, 467 (5th Cir. 1976). I am not convinced that appellants have satisfied all four criteria. Specifically, appellants have failed to demonstrate a "substantial" likelihood that they will prevail on the merits. The majority offers no reasoning to support its assertion that appellants are likely to succeed on the merits; rather, this conclusion is apparently based on cases construing other underlined drug paraphernalia statutes. Only two circuit courts have considered the constitutionality of the Model Drug Paraphernalia Act. The Eighth Circuit recently upheld in its entirety a statute based on the Model Act. *The Casbah, Inc. v. Thone,* No. 80–1925, —— F.2d —— (8th Cir., June 8, 1981). The Sixth Circuit

invalidated three ordinances based on the Model Act, *Record Revolution No. 6, Inc. v. City of Parma,* 638 F.2d 916 (6th Cir. 1980); the Supreme Court, however, has vacated and remanded *Record Revolution* to the Sixth Circuit. 49 U.S.L.W. 3882, —— U.S. ——, 101 S.Ct. ——, 68 L.Ed.2d —— (U.S. May 26, 1981).[1] Numerous district courts have upheld the constitutionality of statutes based on the Model Act. *See Tobacco Accessories v. Treen,* 501 F.Supp. 168 (E.D.La.1980) (appeal pending); *Mid-Atlantic Accessories Trade Assoc., et al. v. State of Maryland,* 500 F.Supp. 834 (D.Md. 1980); *Delaware Accessories Trade Assoc. v. Gebelein,* 497 F.Supp. 289 (D.Del.1980); and *World Imports, Inc. v. Woodbridge Township,* 493 F.Supp. 428 (D.N.J.1980). Moreover, should the district court order be affirmed on appeal, the public interest could be disserved by issuance of the stay and injunction.

Respectfully, I dissent.

---

1. The Supreme Court remanded *Record Revolution* to the Sixth Circuit for further reconsideration in light of the recently enacted Ohio

Revised Code § 2925.14. This statute prohibits the sale of marijuana paraphernalia to juveniles.