MEINEKE DISCOUNT MUFFLER SHOPS, INC., Plaintiff,

v.

Patsy A. NOTO and Jopat Auto Center, Inc., Defendants.

No. 82 CV 0015.

United States District Court, E.D. New York.

March 6, 1985.

Schmeltzer, Aptaker & Sheppard, P.C. by Stephen Horn, Ted Pearce, Gen. Counsel, Washington, D.C., for plaintiff.

Ohrenstein & Brown by Steven E. Dreyer, New York City, for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Plaintiff, Meineke Discount Muffler Shops, Inc. ("Meineke"), a franchisor, moves for a preliminary injunction terminating defendants' franchise, or in the alternative, for the appointment of a receiver *pendente lite.* For the reasons set forth below, plaintiff's motions are denied.

### Facts

In the underlying action, commenced in 1982 by Order of Attachment, Meineke seeks damages and the termination of its contractual relationship with defendants-franchisees. The cause of the friction among the parties is an allegation that defendants have committed a substantial breach of contract and are guilty of fraud. Essentially, Meineke claims that defendants have concealed revenues from Meineke and have deprived Meineke of its royalties.

Three years ago, this Court ordered Meineke to continue treating defendants as franchisees during the pendency of this litigation. In return, defendants gave assurances that *all* revenues would be placed in a new bank account, and that Meineke would be paid the royalties properly due.

Meineke contends that defendants have continuously breached this agreement, and thus seeks a preliminary injunction terminating the franchise relationship. Acting on its suspicions that defendants were continuing to engage in fraud, Meineke caused an investigation to be undertaken during the period, May–July 1984. The results of that investigation, which form the basis of the instant motion, were placed before this Court at a hearing on October 29, 1984.

Meineke's proof for the most part consisted of the testimony of an investigator and several of defendants' customers. Meineke established that Walter Ross, defendants' former shop manager, had been collecting money for work performed on customers' cars without issuing the customers Meineke receipts and without accounting for such sales to Meineke. Apparently, Ross was offering customers bargain rates if they would agree to forego the traditional Meineke receipt and deal in cash only. Ross did, however, issue certain customers a Meineke business card on which he indicated the amount they paid for the services.

Defendant Noto testified that upon learning of this scheme, he promptly fired Ross. Although Noto was arguably within earshot of one conversation between Ross and Meineke's investigator, Meineke has been unable to establish that Noto had knowledge of or was involved in Ross' scheme.

### Discussion

The courts in this Circuit have been reluctant to grant preliminary injunctive relief where, as here, the injunction would in effect award plaintiff the ultimate relief sought. *See Knapp v. Walden,* 367 F.Supp. 385, 388 (S.D.N.Y.1973).

The Second Circuit has recently indicated:

The purpose of a preliminary injunction is to preserve the status quo pending the final determination of a dispute. It is well-settled in this Circuit that the party seeking injunctive relief must establish that the injunction is necessary to prevent irreparable harm and that he is likely to prevail on the merits of the underlying controversy.

*Arthur Guinness & Sons, PLC v. Sterling Publishing Company, Inc.,* 732 F.2d 1095, 1099 (2d Cir.1984) (citation omitted).

■ It seems clear to this Court that Meineke has demonstrated a likelihood that it will succeed on the merits of its claim. Indeed, the Court so indicated on January 5, 1982, in passing upon an *ex parte* writ of attachment. Meineke, however, has not established that an injunction "is necessary to prevent irreparable harm." *Id.*

■ Meineke asserts that defendants' dishonesty will undermine the goodwill Meineke enjoys among consumers and will cause a loss of confidence among other franchisees. *Cf. Interphoto Corporation v. Minolta Corporation,* 417 F.2d 621, 622 (2d Cir.1969). A party seeking a preliminary injunction, however, must put forth clear proof of an imminent threat of irreparable injury and not mere unsupported speculation. *Jack Kahn Music Co., Inc. v. Baldwin Piano & Organ Company,* 604 F.2d 755, 761 (2d Cir.1979). Plaintiff simply has not met that burden.

Alternatively, Meineke requests that the Court appoint a receiver *pendente lite* to take charge of defendants' business. Defendants, while opposing plaintiff's request, concede that the appointment of a receiver is preferable to a preliminary injunction in preserving the status quo.

■ "The appointment of a receiver *pendente lite* lies in the discretion of the Court and the applicant bears a heavy burden to establish an actual need therefor." *Securities & Exchange Commission v. Republic National Life Co.,* 378 F.Supp. 430, 438 (S.D.N.Y.1974). In assessing plaintiff's burden, I am directed to the admonition that "the appointment of a receiver 'is,

like an injunction, an extraordinary remedy, and ought never to be made except in cases of necessity, and upon a clear showing that ... emergency exists, in order to protect the interests of the plaintiff in the property.'" *Wickes v. Belgian American Educational Foundation, Inc.,* 266 F.Supp. 38, 40 (S.D.N.Y.1967).

■ In the instant case, the fraudulent activities cited by Meineke are attributable to an employee who has since been fired. The Court has not been advised of any complaints of "off the books" transactions occurring after Walter Ross left defendants' employ. Thus, although plaintiff may well succeed on the merits of its underlying claim, it has not carried its burden of convincing the Court that the appointment of a receiver *pendente lite* is necessary to protect its interests.

Accordingly, plaintiff's motions are denied. SO ORDERED