BARKETT, Circuit Judge,
dissenting:
I believe that under either the “injunction analogy” approach or the collateral order doctrine we have jurisdiction to hear this appeal because the proper remedy for a violation of the Civil Asset Forfeiture Reform Act of 2000’s (“CAFRA”) ex parte seizure provision is the return of the property to its owner. Denying the Bowmans possession of their property will result in a loss of the business’ goodwill, which is an irreparable harm that is effectively unre-viewable on final appeal. Thus, this Court may properly exercise jurisdiction over the case.[1] See Florida Businessmen for Free Enterprise v. City of Hollywood, 648 F.2d 956, 958 n. 3 (5th Cir.1981).[2]
The property at issue was seized through an ex parte, pre-forfeiture seizure proceeding. However, CAFRA generally prohibits the governmental seizure of any real property that is the subject of a civil forfeiture action unless and until a court enters an actual forfeiture order with notice and a hearing provided to all relevant parties. See 18 U.S.C. § 985(b)(1)(A) (“real property that is the subject of a civil forfeiture action shall not be seized before entry of an order of forfeiture”). An exception to this rule is set forth in 18 U.S.C. § 985(d)(l)(B)(ii), which permits the ex parte seizure of real property if the district court first determines both that there is probable cause for the forfeiture and that exigent circumstances prevent the government from providing notice. 18 U.S.C. § 985(d)(l)(B)(ii); see also United States v. James Daniel Good Real Property, 510 U.S. 43, 53, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993) (hereinafter “Good”) (stating that “[t]he right to prior notice and a hearing is central to the Constitution’s command of due process”). Where either requirement is absent, the seizure is invalid and the property should be returned to its owner. In this case, the government failed to establish exigent circumstances at the pre-seizure hearing.[3]
The majority worries that “the effect of returning the property to the property owner under these circumstances would be to allow the continuation of illegal activity....” Majority Opinion at 1236. However, CAFRA articulates numerous methods that allow for the return of a property to its owner while concurrently protecting both the government’s interest in preventing continued illegal activity and the own *1239 er’s interest in preserving the property’s financial value.[4] Most relevant to this case, CAFRA countenances the appointment of a custodian to take administrative control over a property at any time, including at the § 985(d)(1)(e) post-seizure hearing. See 18 U.S.C. § 983Q')- By appointing a custodian, the court can guard against the continued illegal use of a property without perpetuating an unlawful seizure. Indeed, it is precisely because the government has at its disposal numerous and sundry less restrictive devices to prevent ongoing criminal activity that an ex parte, pre-forfeiture seizure is so heavily disfavored by both the Constitution and CAFRA.[5] See Good, 510 U.S. at 58, 114 S.Ct. 492. In contrast, permitting the government to retain an illegally seized property results in an evisceration of CAFRA’s prohibitions. See 18 U.S.C. § 985(d)(l)(B)(ii), (e).
CAFRA makes it clear that the § 985(e) post-seizure hearing is specifically designed to ensure that the original ex parte seizure itself was proper. See 18 U.S.C. § 985(e). Section 985(e) states that “[i]f the court authorizes a seizure of real property under subsection (d)(l)(B)(ii), it shall conduct a prompt post-seizure hearing during which the property owner shall have the opportunity to contest the basis for the seizure.” Id. Again, under § 985(d)(l)(B)(ii), the basis for an ex parte seizure is a showing of both probable cause and exigent circumstances. Thus, if at the post-seizure hearing a property owner is able to show that either probable cause or exigent circumstances were not present at the pre-seizure hearing, then the seizure is illegal and, therefore, invalid. See 18 U.S.C. § 985(b)(1)(A). A finding of probable cause, alone, at the post-seizure hearing cannot remedy an otherwise deficient seizure.[6]
Indeed, I find it illogical to conclude that, although an ex parte seizure is improper when the government fails to satisfy one of the two requirements set forth in § 985(d)(l)(B)(ii) (e.g., exigent circumstances), the seizure may nonetheless continue if, at the post-seizure hearing, the government satisfies only one of the two requirements (e.g., probable cause). Under this rationale, the government could always flout the exigent circumstances requirement of an ex parte, pre-forfeiture seizure because the seizure would invariably be vindicated at the post-seizure hearing based solely on probable cause. Such *1240 a conclusion directly contravenes the plain language of CAFRA. See 18 U.S.C. § 985(d)(l)(B)(ii), (b)(1)(A). We should not permit the government to accomplish indirectly that which it cannot achieve directly under § 985(d)(l)(B)(ii) and thereby plainly disregard the law.
Because we have jurisdiction upon a proper understanding of the remedy for an unlawful ex parte seizure (i.e. the return of the seized property to its owner), I respectfully dissent.

. This assumes the satisfaction of the first and second prongs of either the injunction analogy or the collateral doctrine. See United States v. City of Hialeah, 140 F.3d 968, 973 (11th Cir.1998) (injunction analogy); Sell v. United States, — U.S. --, 123 S.Ct. 2174, 2182, 156 L.Ed.2d 197 (2003) (collateral order doctrine).

. In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

. "[T]o establish exigent circumstances, the Government [must] show that less restrictive measures such as a lis pendens, restraining order, or bond would not suffice to protect the Government’s interests in preventing the sale, destruction, or continued unlawful use of the real property.” 18 U.S.C. § 985(d)(2). As this subsection makes plain, bare governmental concerns about the continued unlawful use of real property do not establish exigent circumstances. Rather, the government must "show that less restrictive measures” would be insufficient to combat this continued unlawful use. Id. Here, the government presented no evidence to establish the futility of less restrictive measures, such as an arrest warrant, restraining order, or the appointment of a custodian to operate the business.

. Indeed, 18 U.S.C. § 983(j)(l) sets forth several alternatives to pre-forfeiture seizures:
Upon application of the United States, the court may enter a restraining order or injunction, require the execution of satisfactory performance bonds, create receiverships, appoint conservators, custodians, appraisers, accountants, or trustees, or take any other action to seize, secure, maintain, or preserve the availability of property subject to civil forfeiture.
18 U.S.C. § 983QX1).

. It is of little moment that, in this case, the Government filed a lis pendens against the Platinum Club. This is not an appropriate "less restrictive measure" to prevent the continued unlawful use of real property. "The purpose of a lis pendens is to notify prospective purchasers and encumbrancers that any interest acquired by them in property is subject to the decision of the court in pending litigation.” United States v. 408 Peyton Rd., 162 F.3d 644, 646 n. 2 (11th Cir.1998). While such notice is likely very helpful in preventing the unauthorized sale of a property, it can have no impact on the continued unlawful use of a property. See Good, 510 U.S. at 58-59, 114 S.Ct. 492.

.As we have previously stated, "[t]he [Supreme] Court [has] rejected the argument that due process is satisfied by a post-seizure hearing.” United States v. 2751 Peyton Woods Trail, 66 F.3d 1164, 1166 (11th Cir.1995) (citing Good, 510 U.S. at 62, 114 S.Ct. 492). Here, the process due was a showing of both probable cause and exigent circumstances. See 18 U.S.C. § 985(d)(l)(B)(ii); Good, 510 U.S. at 53, 114 S.Ct. 492.