# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2016

Lyle W. Cayce
Clerk

No. 16-51281

SHUDDE FATH; SAVE BARTON CREEK ASSOCIATION; FRIENDS OF
THE WILDFLOWER CENTER; CAROLE KEETON; FRANK CLOUD
COOKSEY; JERRY JEFF WALKER; SUSAN WALKER; DR. LAURIE
DRIES; SAVE OUR SPRINGS ALLIANCE, INCORPORATED; MOPAC
CORRIDOR NEIGHBORS ALLIANCE; THE FRIENDSHIP ALLIANCE OF
NORTHERN HAYS COUNTY, INCORPORATED; CLEAN WATER
ACTION,

                Plaintiffs – Appellants,

v.

TEXAS DEPARTMENT OF TRANSPORTATION; CENTRAL TEXAS
REGIONAL MOBILITY AUTHORITY,

                Defendants – Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-234

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:*

    Before us is Appellants' Emergency Motion for Injunction Pending
Appeal. Because we conclude that Appellants have not shown that they

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-51281

satisfy the requirements for obtaining an injunction pending appeal, we DENY the Emergency Motion.

## I.

This case involves a highway construction project set to commence in Austin, Texas under the control of the Texas Department of Transportation and the Central Texas Regional Mobility Authority ("Appellees"). The highway project consists of three parts: (1) expansion of Texas State Highway Loop 1 ("MoPac South") by adding toll lanes; (2) expansion of MoPac South by adding new lanes and crossing-bridges at certain existing intersections; and (3) expansion of State Highway 45 West ("SH 45 Project") by constructing a new, tolled freeway.

Appellants—various environmental organizations and individuals— brought their lawsuit in February of this year, alleging violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 *et seq.* On September 27, Appellants moved for a preliminary injunction, seeking to enjoin all of these projects. The district court denied this motion, and Appellants filed a notice of appeal.

The clearing of the right-of-way for the SH 45 Project is set to commence on November 8—this Tuesday. In order to prevent this action, Appellants filed their Emergency Motion for Injunction Pending Appeal ("the Emergency Motion"). In the Emergency Motion, Appellants raise a single legal issue to establish likelihood of success on the merits of their appeal: whether the district court erred in relying solely on 23 C.F.R. § 771.111(f) to determine whether Appellees had impermissibly segmented the environmental analysis under NEPA for the highway projects, rather than also applying Council on Environmental Quality regulations embodied in 40 C.F.R. §§ 1502.4 and 1508.25. Further, Appellants argue that they satisfy the remaining requirements for obtaining an injunction pending appeal.

No. 16-51281

Appellees opposed the motion. We held oral argument on the Emergency Motion.

## II.

To determine whether to grant an injunction pending appeal, we consider the four elements typically used to determine whether to grant injunctive relief: (1) the likelihood that the moving party will ultimately prevail on the merits of the appeal; (2) the extent to which the moving party would be irreparably harmed by denial of the injunction; (3) the potential harm to opposing parties if the injunction is issued; and (4) the public interest. *See Fla. Businessmen for Free Enter. v. City of Hollywood*, 648 F.2d 956, 957 (5th Cir. 1981); *Exxon Corp. v. Berwick Bay Real Estate Partners*, 748 F.2d 937, 939 (5th Cir. 1984); *see also United States v. Alabama*, 443 F. App'x 411, 419 (11th Cir. 2011). As the parties seeking the injunction, Appellants bear the burden of showing that they satisfy each of these elements. *See Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982).

Appellants claim that they are likely to succeed on the merits of their appeal, arguing that the district court erred in relying solely on 23 C.F.R. § 771.111(f) to determine whether Appellees had impermissibly segmented the environmental analysis of these highway projects as prohibited by NEPA. According to Appellants, deciding whether the projects were improperly segmented requires consideration of Section 771.111(f) in conjunction with 40 C.F.R. §§ 1502.4 and 1508.25. The district court previously considered this argument and rejected it, determining that Section 771.111(f) supplies the exclusive means for determining whether an agency has improperly segmented its environmental analysis.

We have considered Appellants' argument on the basis of the parties' filings, the district court's opinion, and the applicable regulations and case law. Based on our review, we conclude that Appellants have not

3

demonstrated that they are likely to prevail on their claim that the district court failed to apply the correct segmentation regulations. They have provided no on-point authority to support their view that the district court erred by relying on Section 771.111(f) in its analysis of the segmentation issue, rather than relying on Sections 1502.4 and 1508.25. Moreover, the case law from this and other circuits lends support to the approach undertaken by the district court. *See Save Barton Creek, Ass'n v. FHWA*, 950 F.2d 1129, 1140 & n.15 (5th Cir. 1992) (finding that the factors for analyzing segmentation of a highway project are "embodied in the FHWA's NEPA implementation regulations" (citing 23 C.F.R. § 771.111(f))); *see also Del. Riverkeeper Network v. FERC*, 753 F.3d 1304, 1315 (D.C. Cir. 2014); *Coalition on Sensible Transp., Inc. v. Dole*, 826 F.2d 60, 68 (D.C. Cir. 1987). As a consequence, Appellants have not shown a likelihood of success on the merits of their appeal.[1]

Appellants also argue in the Emergency Motion that they satisfy the remaining requirements for obtaining an injunction pending appeal. To obtain an injunction pending appeal, Appellants must satisfy each of the injunction elements. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011). Because we have concluded that Appellants' cannot make the requisite showing of likelihood of success on the merits, they are not entitled to an injunction pending appeal. *Id*. Thus, we do not analyze the other elements here.

---

[1] Under this court's case law, a merits panel is not bound by a ruling of a motion's panel in the same case. *See, e.g.*, *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 704 (5th Cir. 1997) (citing cases).

No. 16-51281

## III.

Accordingly, because Appellants have not demonstrated that they satisfy all of the requirements for obtaining an injunction pending appeal, we DENY the Appellants' Emergency Motion for Injunction Pending Appeal. We also DENY as Moot Appellees' Alternative Emergency Motion for Expedited Appeal and DENY as Moot Appellees' Motion for Leave to File Response to Motion for Injunction Pending Appeal.