# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 31, 2020

Lyle W. Cayce
Clerk

No. 19-50757
Summary Calendar

Carlos Antonio Raymond,

> Plaintiff - Appellant

v.

Bexar County Democratic Party; Manuel Medina, in his Official Capacity as Chairman; Phillip Cortez, Campaign; Bexar County District Court; Other State and County Officials,

> Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:16-CV-395

Before CLEMENT, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

    Plaintiff-Appellant Carlos Antonio Raymond appeals the district court's ordering dismissing with prejudice the claims asserted in his Fifth Amended Complaint. Where, as here, a district court dismisses an in forma pauperis claim pursuant to U.S.C. § 1915(e)(2)(B) and under Federal Rule of Civil

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 19-50757

Procedure 12(b)(6), we conduct a de novo review. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). On appeal, Raymond argues only that the district court erred in finding that because he had no property interest protected by the Fourteenth Amendment, he therefore failed to state a procedural due process claim under 42 U.S.C. § 1983. Raymond's contention is unfounded. His complaint fits squarely within our precedent holding that there is no interest protected by procedural due process in having "[a person's] name [] being placed on the [] primary election ballot." *Wilson v. Birnberg,* 667 F.3d 591, 594, 598 (5th Cir. 2012).[1]

For that reason, we AFFIRM the district court's order dismissing with prejudice all claims against all named defendants.

---

[1] To the extent that running for elected office is protected by the First Amendment, *see McCormick v. Edwards,* 646 F.2d 173, 175 (5th Cir. 1981), Raymond did not raise and waived such an argument. Regardless, the claim would have been unavailing. The ballot application rules that Raymond complains about serve the "state's [] important interest in preventing voter confusion" and Raymond was left with the ready alternative of simply running under his given name. *MacBride v. Askew*, 541 F.2d 465, 468 (5th Cir. 1976); *Lubin v. Panish*, 415 U.S. 709, 716-18 (1974). Any equal protection claim likewise fails because Raymond does not allege that he was treated differently than similarly situated comparators. *See Lindquist v. City of Pasadena*, 669 F.3d 225, 234 (5th Cir. 2012).